```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**ARMAND L. LITTLE,**

                Petitioner,

      v.                                      CASE NO.  08-3237-SAC

**SAM CLINE,**

                Respondent.

<u>**O R D E R**</u>

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas.  Having examined the materials filed, the court finds as follows.

Petitioner has paid the filing fee and has filed an "Affidavit of Financial Status in Support of Application for Appointment of Counsel" (Doc. 2), but has not filed a Motion for Appointment of Counsel.  The court notes that petitioner is not entitled to appointment of counsel in a federal habeas corpus proceeding.  However, no ruling is issued on this matter at this time because no motion for counsel has been filed.

<u>**FACTUAL BACKGROUND**</u>

Petitioner was convicted by a jury in the District Court of Saline County located in Salina, Kansas, of criminal possession of a firearm, aggravated burglary, aggravated robbery, aggravated kidnaping, and two counts kidnaping.  On October 3, 1997, he was sentenced to imprisonment for 419 months.  He alleges his convictions were affirmed on direct appeal to the Kansas Court of Appeals (KCOA) and the Kansas Supreme Court.  He indicates he filed

a petition for certiorari in the United States Supreme Court, which was denied. No dates are provided for the appellate court decisions.

Petitioner also states that he filed three post-judgment motions in the Saline County Court challenging his convictions, which were denied. The case numbers of those actions indicate they were filed by petitioner in 2000 (00-CV-521), 2002 (02-CVC-548), and 2004 (04-CV257)[1]. Petitioner alleges he appealed these motions to the highest state court. Petitioner filed another 60-1507 petition in 2006 (06-CV-413), which was denied, and the denial was affirmed by the KCOA in February, 2008.

**GROUNDS**

As ground one for his federal Petition, executed on September 10, 2008, petitioner claims he was denied assistance of counsel in litigating his state post-conviction motion. In support he alleges, he filed a motion in the Saline County Court on March 13, 2007, for assistance of counsel to prepare his appellate brief, but was denied. As ground two, petitioner claims the state court denied due process "when it dismissed his post-conviction motion contrary to state law." As facts in support, he states that in his 60-1507 motion, he claimed his conviction and sentence for aggravated kidnaping and aggravated robbery were "multiplicious," and subjected him to double jeopardy. As ground three, he claims "his sentence and conviction are unconstitutional in that they both violated

---

[1] On-line records of the Kansas Appellate Courts reveal that the appeal of District Case # 04CV257 was final with the denial of a Petition for Review on December 22, 2005.

2

federal law." In support, he alleges a 1998 statute was applied to his crimes committed in 1997, in violation of the ex post facto clause.

**DISCUSSION**

Having considered the Petition the court finds it is subject to being dismissed for several reasons. First, as petitioner admits, he has not exhausted all available state court remedies on his claims. Second, it appears that this federal Petition was not filed within the applicable one-year statute of limitations. Lastly, petitioner's claims are either without merit or have been procedurally defaulted.

**FAILURE TO EXHAUST STATE COURT REMEDIES**

Petitioner states he raised grounds one[2] and two by motion under K.S.A. 60-1507 in the Saline County Court, apparently filed in 2006 (Case No. 06-CV-413) and denied on October 26, 2006. He appealed the denial to the KCOA, which affirmed on February 8, 2008. He claims he was denied assistance of counsel to file a Petition for Review in this state habeas proceeding, and on-line Kansas Appellate Courts records indicate no Petition for Review was filed. As to ground three, petitioner does not answer the questions regarding exhaustion. He admits that all grounds for relief have not been presented to the highest state court, but claims it was "due to denial of counsel."

---

[2] It is not clear how petitioner properly raised this ground in his 60-1507 motion filed in 2006, since it is based on the denial of his motion for appointment of counsel on appeal filed in 2007.

3

>28 U.S.C. § 2254(b)(1) plainly provides:
>
>"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. § 2254(b)(1)(B). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. That means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). It appears petitioner has not presented any of the three grounds raised in his Petition to the highest state court.

The excuse offered by petitioner for his failure to present all his claims ultimately to the highest state court is that he was denied assistance of counsel for preparation of a Petition for Review to the Kansas Supreme Court in his last 60-1507 proceeding. Petitioner has no constitutional right to be represented by counsel in a state post-conviction proceeding. Thus, even if counsel was not appointed or was ineffective in preparing a Petition for Review of the denial of petitioner's 1507 petition, his failure to present his claims to the Kansas Supreme Court is not excused. Moreover,

4

petitioner may not proceed in federal court without having exhausted, simply because the time for raising his claims in state court may have expired. Petitioner will be given time to show cause why this action should not be dismissed for failure to exhaust state court remedies. If he does not respond in the time provided this action may be dismissed, without prejudice, and without further notice.

**CLAIMS ARE TIME-BARRED**

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Applying this provision to the sparse procedural history provided by petitioner, the court makes the following tentative findings. Petitioner was sentenced in October, 1997. However, he did not file his first 60-1507 petition until 2000. Thus, there appears to be as much as a three-year gap, between the time his conviction became "final" and the time he filed his first tolling-type motion (1507). Since he had only one year after his conviction became "final" to file his federal habeas corpus petition, that time

5

appears to have expired within this three-year gap. Petitioner must provide either dates showing he was entitled to statutory tolling or facts showing he is entitled to equitable tolling during this three year period, or his Petition is subject to being dismissed as time-barred.

**CLAIMS ARE EITHER WITHOUT MERIT OR BARRED BY PROCEDURAL DEFAULT**

Petitioner's first claim has no legal merit. As noted, petitioner has no constitutional right to assistance of counsel in litigating a state post-conviction motion. It follows that he is not entitled to federal habeas corpus relief on this claim.

Petitioner's second claim alleges that his 1507 motion was dismissed "contrary to state law." Petitioner is not entitled to federal habeas corpus relief based upon a claim regarding state law. Moreover, his allegations that his offenses were multiplicious, and resulted in imposition of an erroneous sentence must have been raised in the first instance in an appropriate motion to the sentencing court, such as a motion to vacate sentence. Petitioner's statement that it would be futile for him to return to state court to raise his claims because the time for appeal has passed indicates that he has procedurally defaulted his claims in state court. Petitioner may not raise claims in federal court that were not presented in a timely and proper manner in state court, unless he demonstrates cause and prejudice for the default.

Petitioner's third claim, that the state appellate courts erred in rejecting his "single act of violence argument" based upon Schoonover, also appears to have been procedurally defaulted.

6

Petitioner will be given time to supplement the record with additional facts in support of his claims indicating they present federal constitutional violations, and to show cause and prejudice, if he is able.

**IT IS THEREFORE ORDERED** that petitioner is given thirty (30) days in which to show cause why this action should not be dismissed for failure to exhaust state court remedies and as time-barred; and to supplement the record with facts showing a federal constitutional claim as well as cause and prejudice for his procedural default.

**IT IS SO ORDERED**.

Dated this 14th day of October, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge