IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARMAND L. LITTLE,

                Petitioner,

      v.                            CASE NO.  08-3237-SAC

SAM CLINE,

                Respondent.

**MEMORANDUM AND ORDER**

On October 14, 2008, this court entered an Order finding petitioner had not exhausted state court remedies on the three claims raised in his habeas corpus petition, 28 U.S.C. § 2254. The court further found it appeared that petitioner had procedurally defaulted his claims in state court, and that the instant Petition is time-barred. Mr. Little was given time to show cause why this action should not be dismissed for the reasons stated in the court's prior Order. This matter is currently before the court upon petitioner's Response. Having considered all materials filed, the court finds as follows[1].

**FACTS AND PROCEDURAL HISTORY**

In July 1997, Little was convicted by a jury of one count of aggravated kidnaping, two counts of kidnaping, and one count each of aggravated robbery, aggravated burglary of a residence, and criminal

---

[1] The court takes judicial notice of the relevant state court opinions and dockets available on-line.

possession of a firearm[2].  In October 1997, he was sentenced to a controlling term of 416 months.  He directly appealed to the Kansas Court of Appeals (KCOA), which affirmed.  <u>State v. Little</u>, 994 P.2d 645 (Kan.App. 1999).  The Kansas Supreme Court denied review on March 24, 2000.  On direct appeal, petitioner did not raise any of the three issues now presented in his federal Petition.

"In October 2000, Little filed his first 60-1507 motion," and it was denied by the trial court.  <u>See</u> <u>Little v. State of Kansas</u>, 118 P.3d 715, at *1 (Kan.App. Sept. 2, 2005), <u>review</u> <u>denied</u> (Kan., Dec. 20, 2005).  Little appealed to the KCOA, but in July 2001, his motion for voluntary dismissal of the appeal was granted.  He did not raise any of the issues presented in his federal Petition in this 1507 motion.  <u>See</u> <u>id</u>.

"In June 2002, Little filed his second 60-1507 motion."  <u>See</u> <u>id</u>.  None of the issues he now presents in his federal Petition was raised in this motion.  <u>See</u> <u>id</u>.  The trial court denied the motion, and Little appealed to the KCOA, which affirmed the denial in an unpublished opinion filed January 30, 2004.  <u>Little v. Kansas</u>, 83 P.3d 255 (Kan.App. Jan. 30, 2004).  The Kansas Appellate Courts docket (Case No. 89750) available on-line for this state post-conviction proceeding indicates no Petition for Review was filed.

"In June, 2004, Little filed his third 60-1507 motion."  <u>Id</u>. at *2.  None of the issues he now presents in his federal Petition was raised.  In July, 2004, the trial court determined this was his "third attempt 'to resurrect virtually identical contentions which

---

[2]   The convictions arose from an incident in which Little and three codefendants went to a residence, beat the woman living there on the head, tied her up, confined her two children in the bathroom, and took money and jewelry.

2

have been ruled on by the Appellate courts on two prior occasions" and denied the motion. Id. This denial was affirmed on appeal by the KCOA and review was denied by the Kansas Supreme Court on December 20, 2005.

On October 17, 2006, Little filed his fourth 60-1507 motion[3]. See Little v. State, 175 P.3d 883 (Kan.App., Feb.8, 2008). In this motion for the first time petitioner raised the claim that "his convictions of aggravated kidnapping and aggravated robbery were multiplicitous." Id. at *1. The trial court summarily dismissed the motion, finding it was untimely and successive in that Little had filed three prior 1507 motions and a direct appeal in which he had the opportunity but failed to claim that his convictions were multiplicitous. Little appealed to the KCOA, which affirmed the finding that the motion was untimely. It also found as an independent ground that this fourth motion was "clearly successive" in that it raised no issues that could not have been presented either in his direct appeal or in any of his prior 1507 motions. Id. at *2. The KCOA discussed Little's arguments regarding multiplicity as offered to support his contention of manifest injustice. They noted "our Supreme Court explicitly rejected" Little's "single act of violence" argument in State v. Schoonover, 281 Kan. 453, 495, 133 P.3d 48 (2006)[4]. They found "an examination

---

[3]  Petitioner exhibits a Journal Entry filed in the District Court of Saline County, on October 27, 2006, denying his pro se "Motion to Correct Illegal Sentence," as untimely and "not an appropriate action." Petitioner stated in his fourth 1507 motion, also exhibited, that he had filed a motion to correct illegal sentence in October, 2006.

[4]  In Schoonover, the Kansas Supreme Court held:

[T]he test to determine whether charges . . . under different statutes are multiplicitous is whether each offense requires proof of an element not necessary to prove the other offense; if so, the

3

of the statutory elements of aggravated kidnapping, K.S.A. 21-3421, and aggravated robbery, K.S.A. 21-3427, demonstrates that each requires proof of elements not necessary to prove the other crime." They thus reasoned that Little's multiplicity argument did "not constitute manifest injustice sufficient to extend the time limits of K.S.A. 60-1507(f)." State v. Little, 175 P.3d 883, at *2. The Kansas Appellate Courts on-line docket for this state post-conviction action (Case No. 97865) shows no Petition for Review was filed.

**MULTIPLICITY CLAIM**

Petitioner claims in this court that "his convictions of aggravated kidnapping and aggravated robbery were multiplicitous." He bases this claim on the theory that these two offenses arose out of a "single act of violence".[5] He argues that when his offenses were committed in 1997, Kansas statutory and case law utilized the "single act of violence" test to determine multiplicity claims. He also argues that the Kansas courts' rejection of his multiplicity

---

charges stemming from a single act are not multiplicitous. The single act of violence/merger analysis will no longer be applied to analyze double jeopardy or multiplicity issues. We disapprove any language in previous cases which utilized a single act of violence/merger rationale as the basis for holding that two convictions which were based upon different statutes were multiplicitous or resulted in a violation of the Double Jeopardy Clause of the Fifth Amendment or § 10 of the Kansas Constitution Bill of Rights.

Id.

[5] Petitioner cites State v. Garcia, 272 Kan. 140, 32 P.3d 188 (2001), as authority for his claim. In Garcia, the Kansas Supreme Court held the appellant's conviction for aggravated kidnaping was multiplicitous with either his rape or aggravated criminal sodomy convictions because "the bodily harm needed to prove aggravated kidnapping was the same bodily harm supplied by one of the rape convictions or the aggravated criminal sodomy conviction." Id. at 147. The holdings in Garcia were referred to as dicta and disapproved of in Schoonover, 281 Kan. at 477.

4

claim under a different test, violated the ex post facto clause[6]. He asserts that his convictions of two offenses constituted multiple punishments for a single offense in violation of double jeopardy principles as well as an illegal conviction and sentence for the wrong crime.  He claims he is entitled to have his aggravated kidnaping conviction vacated and be resentenced "on the lesser simple kidnapping offense."

## DISCUSSION

The court concludes that this action must be dismissed for several reasons.  Petitioner challenges his state post-conviction proceedings claiming: (1) he was denied assistance of counsel[7] in those proceedings, and (2) the dismissals of his motions were contrary to state law.  These procedural challenges to state collateral proceedings fail to state a federal constitutional violation and are dismissed for that reason[8].  Petitioner's remaining claim of multiplicity[9] has not been fully exhausted in

---

[6] Petitioner argues that the "multiplicity analysis" under Kansas law changed after his offenses were committed from the "single act of violence" paradigm to "the elements test".  He claims this change was the result of the 1998 amendments to K.S.A. 21-3107 (Multiple prosecutions for same act), which pertinently provides:

> (1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes.  Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

Id.

[7] As the court stated in its prior Order, petitioner had no federal constitutional right to assistance of counsel in litigating his state post-conviction motions.

[8] They are also dismissed as time-barred.

[9] "Multiplicity is the charging of a single offense in several counts of a complaint or information."  State v. Robbins, 272 Kan. 158, 182, 32 P.3d 171 (Kan. 2001).  Multiplicity must be considered because "it creates the potential

5

state court, appears to have been procedurally defaulted, and in any event, is time-barred in federal court and fails to state a federal constitutional claim.

**FAILURE TO EXHAUST & PROCEDURAL DEFAULT**

State court records show Mr. Little raised his multiplicity claim in his fourth post-conviction motion only, and did not petition the Kansas Supreme Court for review. He does not refute that he failed to present this claim to the highest state court. Instead, he makes several arguments attempting to excuse his failure to exhaust, his procedural default, and/or the untimeliness of this Petition.

In response to the court's order requiring that he show cause why this action should not be dismissed, petitioner argues the merits of his claim. Generally, all habeas corpus claims, whether they be with or without merit, must be exhausted and timely. Thus, his arguments on the merits do nothing to excuse his failure to exhaust or timely file his Petition.

Petitioner also argues that his failure to exhaust should be excused because "the state's highest court has recently adversely decided the precise legal issue that petitioner seeks to raise" in his federal habeas petition (citing Schoonover), and thus exhaustion would be futile. State remedies were available to Little for several years before Schoonover was decided in April, 2006; and he

---

for multiple punishments for a single offense in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and section 10 of the Kansas Constitution Bill of Rights." Id. The claim in Robbins was improper conviction of a "lesser included crime" along with its greater crime. Petitioner refers to some "lesser included crime" arguments and cites Robbins. However, any claim regarding conviction of a lesser included crime has not been exhausted and is also time-barred.

procedurally defaulted those remedies.  In any event, the court cannot now require that petitioner exhaust his state court remedies. Given that his last state action was dismissed as time-barred and successive, it appears he no longer has state remedies available. When a petitioner failed to exhaust state remedies and his claim would now be procedurally barred if raised in state court, there is a procedural default for purposes of federal habeas review as well. See Coleman v. Thompson, 501 U.S. 722, 735 FN 1 (1991).  Procedural default bars federal habeas review of the petitioner's federal claims, unless he can show both "cause" for the procedural default and "actual prejudice" from the alleged constitutional error, or demonstrate "that failure to consider the claims will result in a fundamental miscarriage of justice."  Id. at 750; see Harris v. Reed, 489 U.S. 255, 262 (1989); Wainwright v. Sykes, 433 U.S. 72, 81 (1977); Coleman, 501 U.S. at 749-50.  Petitioner did not appeal the KCOA's holding that his multiplicity claim was procedurally defaulted, and thus cannot collaterally attack that unappealed holding in federal court.

Petitioner's arguments that the state courts did not clearly rely upon procedural default in denying his claim and their findings were not based upon an independent and adequate state ground have no merit.  The unpublished opinion of the trial court exhibited by petitioner and that of the KCOA contain explicit findings that Mr. Little failed to raise his multiplicity claim in a timely manner and that his motion was successive[10].  Moreover, the "independent and

---

[10]    The court reiterates that the KCOA did not decide the merits of petitioner's claim as the basis for its affirmance, but discussed the alleged merits only in connection with Little's "manifest injustice" argument. Little v. State, 175 P.3d 883 at *2.

7

adequate state grounds" relied upon were the statutory time limitations and bar to successive state actions, not the previously murky Kansas law as to the test for multiplicity.

Petitioner's arguments that his procedural default and untimely filing should be excused by this court are without merit. He argues he is "actually or legally innocent" of aggravated kidnaping. This argument is based entirely upon the asserted merits of his multiplicity claim. It is an argument of legal, not factual, innocence. Legal innocence is not a valid basis to excuse procedural default. Likewise, petitioner's "manifest injustice" argument fails as it is based only upon the asserted merits of his claim.

Mr. Little also argues that his default of this claim is not attributable to him. Instead, he claims it was the fault of his defense attorney[11] for failing to raise this "dead-bang winner" double jeopardy issue at trial. He even claims the trial judge and prosecutor denied him a fair trial by not advising him of this defense. There are two main problems with this argument. First, petitioner's multiplicity argument is not a "dead-bang winner." Second, the claim that his defense attorney was constitutionally ineffective for failing to raise this claim at trial has not been

---

[11] A prisoner may demonstrate cause for procedural default by proving he was deprived of constitutionally effective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986). However, if counsel performed at a constitutionally acceptable level, then counsel's performance cannot constitute cause for procedural default. Id. at 486-88. Likewise, a trial attorney's ignorance or inadvertent error does not establish cause for procedural default unless the attorney's performance is constitutionally defective. Id. at 478, 488 (citing Strickland v. Washington, 466 U.S. 668, 690 (1984)). Thus, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." Murray, 477 U.S. at 486-87. Petitioner has not provided facts indicating that his trial or appellate counsel's performance was constitutionally inadequate. The claims of ineffective assistance of trial counsel that he did raise in state court were rejected.

exhausted, has also been procedurally defaulted, and is time-barred.

The same is true of petitioner's suggestions that his appellate counsel was ineffective for failing to raise this claim on direct criminal appeal and that his own failure to raise this claim in his first three post-conviction motions was due to his defense counsel's incompetence in failing to discover and make petitioner aware of this claim[12]. Petitioner also argues he was impeded in exhausting state remedies because an attorney retained by his girlfriend waited until only a few days before his Petition for Review was due in March 2007[13] to withdraw her assistance, and did not return the retainer or petitioner's "paperwork he needed to prepare his Petition until two (2) days before it was due." However, petitioner does not specify what paperwork he needed, and presents no reason why he failed to request an extension of time to file his Petition for Review. Moreover, ineffective assistance of counsel in state post-conviction proceedings is not cause for procedural default[14].

Mr. Little also argues his default and untimely filing should be excused because he is not trained in the law, "cannot independently adequately research law or prepare legal documents",

---

[12] Even if petitioner could show attorney mistake or ordinary negligence, neither justifies equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007).

[13] The court notes from the docket for Kansas Appellate Case No. 97865, that the opinion of the KCOA was filed on February 8, 2008, and thus assumes petitioner means his Petition for Review was due in March, 2008 rather than 2007.

[14] Petitioner claims denial of assistance of counsel in his fourth post-conviction proceeding, and argues he is entitled to present this claim in a collateral proceeding. He is correct that he may raise in a collateral proceeding in either state or federal court the claim that counsel who represented him in his state criminal trial or direct criminal appeal was ineffective. However, he may not raise in federal court the claim that counsel who represented him in state post-conviction proceedings was ineffective. This is because, as noted, he is not entitled under the federal Constitution to assistance of counsel in collateral proceedings.

and he lacks the ability to understand the law and facts, particularly the "highly confusing" Kansas law on multiplicity. He alleges he was forced to rely upon transient inmate legal assistance in litigating his post-conviction motions. He thus argues that punishing him for failing to timely raise this issue on his own, when no-one advised him of it, holds him to an unreasonable standard.

The factual basis for petitioner's multiplicity claim was or could have been known from the time he was charged with the two crimes thought to be multiplicitous. A pro se litigant is not exempted from the cause and prejudice requirement by virtue of his being pro se. See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir. 1990), cert. denied, 498 U.S. 832 (1990)(A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings.)(quoting Smith v. Newsome, 876 F.2d 1461, 1465 (11th Cir. 1989)); see also McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir.), cert. denied, 504 U.S. 944 (1992). Little's lack of legal education or understanding is not an external impediment to his claim. Moreover, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing' of a habeas petition." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir .1999), cert. denied, 531 U.S. 1164 (2001)); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991)("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.)(Prisoner's unfamiliarity with the legal process or the lack of representation during the filing

10

period did not warrant equitable tolling of § 2244(d)(1)), <u>cert. denied</u>, 528 U.S. 1007 (1999); <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006)(Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period.).

Petitioner's multiplicity claim is clearly not a dead-bang winner.  28 U.S.C. § 2254 specifically provides that a claim may be denied on the merits notwithstanding a petitioner's failure to exhaust.  The decision of the KCOA rejecting petitioner's multiplicity claim under the elements test was not "contrary to" and did not involve "an unreasonable application of, clearly established Supreme Court precedent."  28 U.S.C. § 2254(d)(1); <u>Williams v. Taylor</u>, 529 U.S. 362, 402 (2000).  Instead, the state court's decision was plainly in accord with the long-established United States Supreme Court precedent, which was cited in the <u>Schoonover</u> opinion[15].  Even if petitioner's interpretation of Kansas case law at the time his offenses were committed is correct, and the KCOA's

---

[15]    In <u>Schoonover</u>, 281 Kan. at 466-67, the Kansas Supreme Court recognized United States Supreme Court precedent:

> The test which has been applied since 1932 in multiple description cases is commonly referred to as the <u>Blockburger</u> or the elements test. As stated in <u>Blockburger</u>, the test provides: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact the other does not. *467 [Citation omitted.]" 284 U.S. at 304, 52 S.Ct. 180.
>
> * * *
>
> [L]ater cases have clarified that the proper inquiry focuses upon the elements of the statutes in question. For example, in . . . , <u>Brown v. Ohio</u>, 432 U.S. 161, 166 . . . (1977), the Court stated: "This test emphasizes the elements of the two crimes."  Later, the Court clarified: "The same-elements test, sometimes referred to as the 'Blockburger' test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." (<u>U.S. v. Dixon</u>, 509 U.S. 688, 696 (1993).

<u>Id</u>.

decision in his case was inconsistent with some state court precedent like <u>Garcia</u>, a decision contrary to state law is not one contrary to "established Supreme Court precedent." It is well-settled that a failure to adhere to state law is not grounds for federal habeas corpus relief[16].

The same is true with regard to petitioner's claims that his sentence does not conform to Kansas statutes. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984).

**PETITION IS TIME-BARRED**

Even if petitioner could overcome his procedural default, the court finds his federal Petition is time-barred under 28 U.S.C. § 2244(d)[17]. Petitioner argues that he effectively tolled the one-year statute of limitations with his several state post-conviction motions. However, he ignores the periods of time when he had no state post-conviction motion actually pending. The federal statute of limitations was not tolled, but was running, on any days during which there was no state post-conviction motion pending.

---

[16] "A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure." <u>See Allen v. Morris</u>, 845 F.2d 610, 614 (6th Cir. 1988).

[17] In most cases, the limitations period begins to run when a criminal judgment becomes final after direct appeal or the time for seeking direct review, including a petition of certiorari to the U.S. Supreme Court, has expired. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year statute of limitations is also subject to equitable tolling in "rare and exceptional circumstances."

12

Petitioner's convictions became "final" as that term is used in § 2244(d), on June 22, 2000, which was ninety days after the Kansas Supreme Court denied review in his direct criminal appeal. The federal statute of limitations first began running on that day. It was not tolled until petitioner filed his first 60-1507 motion, which was in October, 2000[18]. It follows that at least 100 days of the limitations period expired before petitioner filed his first tolling-type motion. Once petitioner dismissed his appeal in his first post-conviction proceeding, which was in July, 2001[19], the federal statute of limitations began running again. Petitioner did not file his next 1507 motion until June, 2002[20]. This was at least 273 days after the federal statute of limitations began to run for the second time. Since 100 days had already expired, only 265 days remained of the year-long statute of limitations[21]. Therefore, the one-year statute of limitations for filing a federal petition in Little's case expired a few days before he filed his second 60-1507 motion[22]. Petitioner has not shown entitlement to sufficient, additional statutory tolling.

---

[18] Since petitioner does not provide the exact date he filed his first state post-conviction motion, the court has used the earliest possible date of October 1, 2000.

[19] Again, lacking exact dates, the court used July 31, 2001 for its calculations.

[20] June 1, 2002 was used in these calculations.

[21] The tolling provision for pending state motions does not "revive" or restart the limitations period, but only pauses the portion of the period that has not yet fully run. See Vroman v. Brigano, 346 F.3d 598, 601 (6th Cir. 2003).

[22] There were additional periods of time when no state action was pending including a few months between the time Little's second 1507 proceeding terminated in February, 2004, and his third 1507 motion was filed in June, 2004; and several months between the time the Kansas Supreme Court denied review in his third state post-conviction proceeding on December 20, 2005, and Little's filing of his last 1507 motion on October 17, 2006.

To be entitled to equitable tolling, the petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner's several arguments have been considered as possible support for equitable tolling of the federal limitations period. The court finds that petitioner has not met his burden of establishing any extraordinary circumstances beyond his control that would justify equitable tolling of the statute of limitations for the time periods during which the limitations period ran to its expiration.  Additionally, petitioner does not allege facts showing he acted with reasonable diligence throughout the various time periods he needs to toll.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Because petitioner's habeas petition is untimely and equitable tolling is not justified, the court concludes that this action must be dismissed as time-barred.

**IT IS THEREFORE ORDERED** that this action is dismissed as time-barred, and all relief is denied.

**IT IS SO ORDERED**.

Dated this 29th day of June, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge